J-A09009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABDUL PORTER | : | |
| | : | |
| Appellant | : | No. 1729 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005535-2019

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 7, 2022**

Appellant Abdul Porter appeals from the judgment of sentence imposed following his convictions for illegally possessing a firearm, carrying a firearm without a license, and carrying a firearm on public streets in Philadelphia.[1] Appellant argues that there was insufficient evidence to prove that he possessed a firearm. We affirm.

The trial court set forth the facts underlying this matter as follows:

Officer [Joshua] Brooks testified that on May 21, 2019, at approximately 1:00 pm, he was patrolling the area of 2100 North Woodstock Street in Philadelphia, Pennsylvania, to execute an arrest warrant on Appellant for attempted murder and aggravated assault. In that area, Officer Brooks encountered Appellant, who immediately ran upon seeing the officer's patrol car. Officer Brooks gave chase and saw Appellant holding his cell phone in his left hand, while holding another object in his waistband with his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

right hand. During the pursuit, Officer Brooks' attention was diverted for a split second when his partner tripped over a branch, but he eventually apprehended Appellant behind a vehicle on the ground of Woodstock Street.

Officer Brooks searched Appellant's body for a firearm, but he was unable to immediately search the surrounding area because a man began screaming at him and his partner. Officer Brooks therefore placed Appellant in his patrol car and awaited the arrival of additional officers. After backup officers arrived, Officer Brooks and Officer [Curtis] Hill found the firearm laying on the ground where Appellant was arrested. The vehicle that was parked where Appellant was arrested was no longer there, making the firearm clearly visible.

The Commonwealth also presented the testimony of Officer Hill, who assisted Officer Brooks in searching the area of Appellant's apprehension. Upon arriving on the scene, Officer Hill parked his vehicle and went to discuss with the other officers the plan for executing the search. When he returned to his vehicle, Officer Hill noticed that the car parked in front of him was no longer there and that a gun was laying in the middle of the street. Officer Hill called over Officer Brooks to recover the firearm and place it on a Philadelphia property receipt.

Trial Ct. Op., 9/28/21, at 2-3 (citations omitted).

Following a bench trial on May 13, 2021, the court found Appellant guilty of illegally possessing a firearm, carrying a firearm without a license, and carrying a firearm on public streets in Philadelphia. The court acquitted Appellant of possession of a firearm with an altered serial number.[2] On July 19, 2021, the court sentenced Appellant to an aggregate term of three and a half to seven years of incarceration, followed by three years of reporting probation.

---

[2] 18 Pa.C.S. § 6110.2(a).

Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant presents a single issue for our review:

Did not the trial court convict [A]ppellant of three firearms offenses on insufficient evidence where the Commonwealth's case was based entirely on circumstantial evidence that was merely consistent with guilt, and [the court] disregarded undisputed Commonwealth evidence that gave rise to reasonable inferences of innocence?

Appellant's Brief at 3.

Appellant argues that the Commonwealth failed to prove that he constructively possessed the firearm recovered by police. Appellant's Brief at 11. In support, Appellant argues that there were alternative explanations for the facts that were used to establish constructive possession. *Id.* at 13. For example, he argues that he ran from police due to outstanding warrants, not because he had a firearm. *Id.* at 13-14. Second, Appellant claims that he grabbed his waistband solely to prevent his pants falling as he ran. *Id.* at 10-11. Third, Appellant argues that he did not have sufficient time to discard the firearm. *Id.* at 13-14. Finally, Appellant contends that in the forty-five minutes it took officers to recover the firearm, an unknown person could have placed the gun beneath the car where it was found. *Id.* Therefore, Appellant argues that because the evidence gives rise to reasonable inferences of both guilt and innocence, the Commonwealth did not meet its burden of proving him guilty beyond a reasonable doubt. *Id.* at 14 (citing ***Commonwealth v.***

- 3 -

*Davis*, 458 A.2d 248, 250 (Pa. Super. 1983) (concluding that there was insufficient evidence to establish that the defendant participated in a conspiracy because "the evidence and reasonable inferences [were] equally consistent with innocence")).

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

Appellant was charged with a number of VUFA offenses, all of which required the Commonwealth to prove that he possessed a firearm. *See* 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively. Possession can be established "by proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). "Constructive possession is an inference

arising from a set of facts that possession of the contraband was more likely than not." ***Commonwealth v. McClellan***, 178 A.3d 874, 878 (Pa. Super. 2018) (citation omitted).

This Court has explained:

Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Parrish***, 191 A.3d at 36-37 (citations omitted and formatting altered).

Here, the trial court addressed Appellant's claim as follows:

[T]he testimony of both Officer Brooks and Officer Hill established that Appellant possessed the firearm recovered at the scene of his arrest. Considering the totality of the circumstances, it can be inferred that Appellant had the requisite intent and ability to exercise control over the firearm before he discarded it. Officer Brooks testified that Appellant immediately ran after seeing his police vehicle. During the subsequent pursuit, Officer Brooks observed Appellant holding his waistband with his right hand and grabbing on to something. Officer Brooks testified that his attention was diverted from Appellant when his partner tripped, giving Appellant a reasonable time to discard his firearm under the vehicle before he was apprehended. Police officers were then stationed in the surrounding area where Appellant fled and was

arrested to conduct a search for a firearm. Thereafter, a firearm was recovered on the street where Appellant was arrested after a vehicle that was parked there moved.

Trial Ct. Op. at 5 (citations omitted).

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find no error in the trial court's conclusions. *See Palmer*, 192 A.3d at 89.

As noted by the trial court, Officer Brooks testified that he saw Appellant flee from police while "holding something in [his waistband]" and that, based on "the way the way [Appellant] was running [and] holding his waistband," Officer Brooks believed that Appellant had a gun. N.T. Trial, 5/13/21, at 11, 16. *See*, *e.g.*, *Commonwealth v. Hudson*, 955 A.2d 1031, 1036-37 (Pa. Super. 2008) (finding that flight or concealment is admissible to show consciousness of guilt). Further, it is reasonable to infer that Appellant discarded the weapon when Officer Brooks looked away from Appellant during the pursuit. N.T. Trial, 5/13/21, at 13. Although Officer Brooks did not block off the street to prevent people from entering the search area, there were police officers "up and down the street" during the search. *Id.* at 17. Finally, the firearm was "recovered on the street where Appellant was arrested." Trial Ct. Op. at 5.

When viewed together, these factors are sufficient to establish that Appellant constructively possessed the firearm that was recovered from the scene following his arrest. *See Parrish*, 191 A.3d at 36-37; *McClellan*, 178

A.3d at 878. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Moreover, to the extent that Appellant attempts to argue an alternate theory of the facts presented at trial, his claim goes to the weight, rather than the sufficiency, of the evidence. *See*, *e.g.*, *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000). Appellant did not challenge the weight of the evidence at sentencing or in a post sentence motion, and he did not include this issue in his Rule 1925(b) statement. Therefore, Appellant waived any challenge to the weight of the evidence. *See Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (stating that weight of the evidence claim was "waived for failure to present claim in the lower court, either orally or in writing before sentencing or in a post-sentence motion, and failure to present argument in court-ordered statement, pursuant to Pa.R.Crim.P. 607; Pa.R.A.P. 1925(b)(4)(vii)" (citation omitted)). Therefore, Appellant is not entitled to relief on that claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/2022

- 7 -